DEPARTMENT OF TRANSPORTATION, Bureau of Highways, Commonwealth of Kentucky, Appellant,

v.

Warren B. KEMPER, d/b/a Ashland Salvage Pool, etc., Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1978.

David A. Collins, Flemingsburg, for appellant.

Robert Woolery, II, Ashland, for appellee.

OPINION AND ORDER

Before HAYES, HOWERTON, and LESTER, JJ.

HAYES, Judge.

This case is before the Court on appellee's motion to dismiss and appellant's motion for an extension of time, presumably to perfect the appeal.

The motion to dismiss is based upon the grounds that appellant failed to have the entire record on appeal timely certified. We do not believe dismissal is proper under the circumstances of this case.

The notice of appeal was filed on August 15, 1978, and pursuant to CR 73.08, certification was due on or before October 14, 1978. Pursuant to CR 75.01 appellant filed a timely designation of the transcript of the hearing. The record was certified on October 6, 1978, and the circuit court clerk attempted to amend the certification on October 13, 1978, to show that the transcript of hearing had not yet been filed. In its motion, the appellant states that "[t]he clerk failed to have the transcript prepared . . . ." Clearly, under civil rules 75.02 and 75.07, the duty was on appellant to file the transcript with the clerk in order that the entire record could be timely certified. Appellant failed to file the transcript with the clerk prior to the time the record was certified. Additionally, the motion for extension was not timely made. Appellant was on notice that the time for certification was running out, and must also be charged with knowledge that the transcript had not been filed with the clerk.

The proper procedure would have been for appellant to move, prior to actual certification, for an extension of time to certify the record. CR 73.08. Once the record had been certified prior to such a motion being made, appellant's other re-

course would have been a timely motion to correct pursuant to CR 75.08 on the grounds that the certification had been premature in that the transcript of evidence was not yet filed. However, as neither of these motions was made and appellant's motion for extension was filed on October 25, 1978, some 11 days late, appellant's motion for an extension of time is DENIED.

█ Because the certification was timely as to at least a portion of the record, the motion to dismiss is DENIED. Appellant is entitled to prosecute its appeal based upon those portions of the record which were timely prepared and certified by the clerk as part of the record on appeal. The transcript, not having been timely prepared by appellant and delivered to the clerk for certification, may not now be made a part of the record on appeal.